■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM DOUD, Appellant.— Order unanimously affirmed. Memorandum: Before appellant entered his plea of guilty, he was informed by his two retained attorneys that he had a right to appeal from any judgment to be entered on his plea, by serving a notice of appeal within 30 days thereafter. His attorneys also advised him that because he had been indicted for additional crimes committed after the ones to which he was about to plead, it would not be in his best interest to take an appeal. They discussed with him the possibility of having the subsequent indictment dismissed after his time to appeal had expired and he and his attorneys were in agreement that an appeal would not be taken. ¶ The attorneys did not advise him of his right to appeal as a poor person. He did not testify that he was then a poor person nor that he told his retained attorneys that he was. Although he testified that, had he known of his right to appeal, he would have appealed, he did not show that during the time allowed for taking an appeal there existed a genuine appealable issue (cf. *People* v. *Lynn,* 28 N Y 2d 196, 202, 203). ¶ In *People* v. *Lucci* (27 N Y 2d 550) the court granted a hearing in a *coram nobis* proceeding on the appellant's allegation that he did not appeal from a judgment of conviction because of his retained lawyer's failure to advise him of his right to appeal as a poor person. In his petition he had alleged facts showing that he was in fact a poor person, that his father did not have enough money to pay the cost of an appeal and that his retained attorney knew that he could not pay the cost thereof (*People* v. *Lucci,* 32 A D 2d 782, 783). "Every defendant has a fundamental right to appeal his conviction * * * [and he must] be informed of [his] right to appeal". (*People* v. *Montgomery,* 24 N Y 2d 130, 132.) The information required depends upon the facts of the case. Where, as in *People* v. *Lucci* (*supra*), the defendant is a poor person he must be informed of his rights as a poor person. Where, however, as in the case at bar, there is no showing that he was a poor person or that his retained attorneys had reason to believe that he was, no more information respecting an appeal should be required than was given in this case. Furthermore, defendant having failed to dispute the validity of the judgment of conviction or to show that he had a genuine appealable issue which he might have raised, his *coram nobis* application was properly denied (*People* v. *Lynn, supra*). (Appeal from order of Monroe County Court, denying motion to vacate judgment of conviction for sodomy, first degree.) Present — Marsh, J. P., Gabrielli, Moule, Cardamone and Henry, JJ.